UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DOUGLAS H. SMITH,                     )       CASE NO. 1:07 CV 176
                                      )
        Plaintiff,                    )       JUDGE SARA LIOI
                                      )
    v.                                )
                                      )       MEMORANDUM OF OPINION
PALASADES COLLECTION, LLC, et al.,    )       AND ORDER
                                      )
        Defendants.                   )

On January 22, 2007, plaintiff pro se Douglas H. Smith filed the above-captioned
action under 42 U.S.C. §§ 1983 and 1985, and the Fair Debt Collection Act, 15 U.S.C. § 1692e
against Palasades Collection, LLC ("Palisades)[1], and attorney Eric Wasserman.  In the complaint,
plaintiff alleges that Palisades was awarded a judgment against him in violation of state and federal
law.  He seeks monetary damages and a declaration from this court that the state court judgment
is void.

**Background**

Mr. Smith had a credit card with Chase Manhattan Bank on which he incurred
charges.  He apparently did not make payments on these charges, because the matter was
transferred to Palisades for collection.  Attempts to settle the matter through correspondence were

---

[1]     In the case caption, Mr. Smith identifies the defendants as "Palasades."  Later he identifies
it as "Palisades."  As "Palisades" is the generally accepted spelling of the word, the court will refer
to this defendant by that spelling.

unsuccessful.  In fact, Mr. Smith responded to Palisades by sending his own demand letter to the

law firm of Javitch, Block and Rathbone, which represented Palisades, indicating:

\*     \*     \*

> \* \* \* This debt is in dispute.  It is not now nor has it ever been my
> intention to avoid paying any obligation that I lawfully owe.  In
> order for me to make arrangements to pay an obligation which I may
> owe, please document and verify the "debt" by complying in good
> faith with this request for validation . . ..
>
> 1.  Please furnish a copy of the original promissory note . . . that
> your client named above is the holder in due course of . . ..
> 2.  Please produce an account and general ledger showing the full
> accounting of the alleged obligation that you are now attempting to
> collect.
> 3.  Please identify the name and address of all persons, corporations,
> associations or any other parties having an interest in legal
> proceedings regarding the alleged debt.
> 4.  Please verify . . . that as a debt collector you have not purchased
> evidence of debt and are proceeding with collection activity in the
> name of the original maker of the note.
> 5.  Please verify . . . that you know and understand that certain
> clauses in a contract of adhesion, such as so-called forum selection
> clauses are unenforceable unless the party to whom the contract is
> extended could have rejected the clause without impunity.
> 6.  Please verify . . . that credit card contracts are a series of
> continuing offers to contract and as such are non-transferable.
> 7.  Please provide verification from the stated creditor that you are
> authorized to act for them.
> 8.  Please verify that . . . contacting me again after receipt of this
> notice without providing procedurally proper validation of the debt
> constitutes the use of interstate communications in a scheme of fraud
> by advancing a writing, which you know is false with the intention
> that others rely on the written communication to their detriment.

\*     \*     \*

(Compl. Ex. 1.)  He concluded the letter by stating "[y]our failure to satisfy [these] requests . . . will

be construed to be an absolute waiver of any and all claims against me . . .."  (Compl. Ex. 1)

Mr. Smith alleges Palisades did not supply all of the information he requested, but

2

instead retained the services of attorney Eric Wasserman to file an action against him in the Lorain County Common Pleas Court, Case No. 06 CVF 0312 on October 2, 2006.[2]  He states, without explanation, that a judgment was obtained against him which prompted him to file this federal court action on January 22, 2007.  He asserts that the state court judgment is void and he seeks damages for having to litigate the matter.

In support of his contention that he should be relieved from judgment, Mr. Smith first asserts that Palisades lacked standing to bring the action.  He contends that his credit card agreement is a promissory note and Palisades was not a party to the note.  He asserts that Chase Manhattan could not assign its interest in the note to a third party and therefore Palisades lacked standing to sue for payment of the note.  Mr. Smith also claims banks are not authorized to lend their credit or "guarantee[ ] the debt of another."  (Compl. at 11.)  He states that "the defendant has no right to lend credit as this is a violation of their corporate charter and violates federal law, and is prohibited under the doctrine of ultra vires."  (Compl. at 10.)  He also asserts that the state court lacked jurisdiction to consider the case "because it was not convened as a common law court as required under the Seventh Amendment."  (Compl. at 19.)

In addition, Mr. Smith contends that the state court judgment should be overturned

---

[2]     Lorain  County  Court  of  Common  Pleas  Court  dockets  can  be  viewed  at http://www.loraincounty.com/clerk/  This court is unable to locate any case filed in the Lorain County Court of Common Pleas on October 2, 2006 against Douglas H. Smith under Case No. 06 CVF 312.  There is also no record of a case filed by Mr. Wasserman against Mr. Smith.  Case No. 06CV148141 was filed in the Lorain County Court of Common Pleas on October 18, 2006 by Palisades against Mr. Smith.  The law firm of Javitch, Block, and Rathbone represents Palisades. That case, however, is still pending.  A case management conference was held March 6, 2007.  The matter is set for pre-trial on Tuesday June 5, 2007.  Notably, in his answer to plaintiff's complaint, Defendant Eric Wasserman asserts that "[n]o judgment has been rendered against plaintiff as stated in the instant action."  (Ans. at 4.)

because Palisades failed to prove its claim in court.  He alleges that Palisades did not validate the debt by providing evidence that they "paid off the entire debt in full," did not produce the account and general ledger statements, and did not supply an affidavit, oath or deposition to support the debt.  (Compl. at 5.)  He also contends they failed to demonstrate that they were the holders in due course of the promissory note because they did not prove that they had physical custody of the original credit card application.  Mr. Smith claims that neither Palisades nor Chase Manhattan Bank incurred a financial loss and therefore could not prove damages.  He states that "the banks in the United States of America create money at no cost to themselves."  (Compl. at 17.)  He reasons that the business of banks is to lend money and the profit in that business is the difference between the cost of creating the money and the price they charge borrowers for the money.  Because "the cost of creating money is negligible . . . [and] the raw materials [to produce money] cost them nothing . . . the [defendants] cannot allege that they incurred a financial loss or actual damages" when Mr. Smith did not repay his credit card debt to them.  Finally, he contends that Palisades obtained the judgment against him by fraud because they knew that they had no legal standing to collect this debt, and violated the Fair Debt Collection Act by threatening to sue him when they should have known they had no grounds to bring an action.  He asserts he was denied due process and is entitled to relief under 42 U.S.C. §§ 1983 and 1985.

## Analysis

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction.  Apple v. Glenn,

4

183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).  The claims asserted in this action satisfy these criteria.

### Rooker-Feldman Doctrine

As a threshold matter, United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.  Id.  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights.  Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994).  Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action.  Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999); see also, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis.  First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding.  Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the

state court judgment." <u>Catz</u>, 142 F.3d at 293.  The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself.  <u>Coles v. Granville</u>, 448 F.3d 853, 857-59 (6th Cir. 2006).  Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied  in the state action.  <u>Id.</u>; <u>Tropf</u>, 289 F.3d at 937.

In the present action, Mr. Smith directly attacks the state court's decision in the collection matter.  All of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on his belief that the state court was mistaken in rendering its decision against him.  Moreover, Mr. Smith captions his pleading, "Petition to Overturn State Court Ruling" and requests as relief that the state judgment be declared unconstitutional and its execution enjoined.  Although he argues that the Rooker-Feldman doctrine should not apply because the state court judgment was obtained through "fraud, deception, accident or mistake," the "fraud and mistake" that he cites is the fact that the court did not rule in his favor.  This is precisely the type of case that the Rooker-Feldman doctrine precludes.  Any review of the claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him.  This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested.  <u>Feldman</u>, 460 U.S. at 483-84 n. 16; <u>Catz</u>, 142 F.3d at 293.

### *Younger Doctrine*

To the extent that the state court case is still pending against Mr. Smith, as suggested by the Lorain County Court of Common Pleas docket and Defendant Eric Wasserman, this court cannot grant his requested relief.  A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 44-45 (1971).  When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. <u>Watts v. Burkhart</u>, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, <u>Younger</u> abstention requires the federal court to defer to the state proceeding.  <u>Id</u>; <u>see also</u> <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 15 (1987).  Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions.  <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982).  Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." <u>Younger</u>, 401 U.S. at 44.

In the event the state court case is still pending, all three factors supporting abstention are present in this case.  The matters presented in the complaint are the subject of a state collection matter, which implicate important state interests.  <u>Doscher v. Menifee Circuit Court</u>, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003). There is no indication that Mr. Smith could not raise his claims in the course of the state court action. Consequently, this court must abstain

from interfering in the Lorain County Court of Common Pleas case against Mr. Smith.

### *42 U.S.C. § 1983*

Even if the Rooker-Feldman or Younger doctrines did not bar Mr. Smith from proceeding with this action, his claims are so plainly devoid of merit as to deprive the court of jurisdiction. Apple, 183 F.3d at 479. As an initial matter, to state a claim under 42 U.S.C. § 1983, Mr. Smith must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. Palisades Collection, LLC and attorney Eric Wasserman are private parties, not government officials. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state. Dennis v. Sparks, 449 U.S. 24, 28 (1980). There are no allegations in the complaint which reasonably suggest that either of these defendants could be construed to be state actors.

Moreover, the plaintiff's underlying claims are without merit. The Fourteenth Amendment provides that "no *State* shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV § 1 (emphasis added). Once again, neither of the

defendants is a State or an employee of a State.  His claim under the Seventh Amendment is based on a misquotation of the law.  He asserts that the state court lacked jurisdiction to consider the case "because it was not convened as a common law court as required under the Seventh Amendment." (Compl. at 19.)  The Seventh Amendment, however, preserves the right to a jury trial "in suits at common law."  U.S. CONST. amend VI.  It does not require cases to be tried in a common law court as the plaintiff suggests.

### 42 U.S.C. § 1985

Mr. Smith's claim under 42 U.S.C. § 1985 is also meritless and must be dismissed. To establish a violation of § 1985, a plaintiff must allege that the defendants conspired together for the purpose of depriving the plaintiff of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus.  Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999).  The plaintiff alleges no facts to suggest that any of the defendants conspired together to deprive him of his right to equal protection of the law or that their actions were in any way motivated by the plaintiff's race or membership in a protected class.

### Fair Debt Collection Act

Finally, Mr. Smith's claim under the Fair Debt Collection Act requires dismissal. He asserts that the defendants violated the statute by threatening to sue him when they should have known they had no grounds to bring an action.  His cause of action is based upon the flawed premise that a credit card agreement is equivalent to a promissory note.  The credit card relationship is an offer by the issuer for a series of unilateral contracts which are actually formed when the holder uses the credit card to buy goods or services or to obtain cash. In re Ward, 857 F.2d 1082,

9

1086-87 (6th Cir.1988)(citing Restatement (Second) of Contracts § 31 (1981)).  The rights and obligations of the parties to the contracts, including the rights to assign a debt for collection, are governed by the terms of the agreement.  See id.  A negotiable instrument, such as a promissory note, however, is a writing signed by the maker, containing an unconditional promise to pay *a sum certain* in money, on demand or at a definite time, to the order of a particular person or entity or to the bearer.  U.C.C. § 3-104 (1972); Federal Deposit Ins. Corp. v. Wood, 758 F.2d 156, 160 (6th Cir. 1985).  Mr. Smith's statement that Palisades failed to prove it was entitled to recovery on a promissory note by supplying evidence that it was a co-signer on the note, that it was a holder in due course, and that a certain balance is still due and payable on the balance of the loan is a misapplication of law.  It cannot support a claim under the Fair Debt Collection Act.

Mr. Smith finally contends that "banks have no right to lend credit as this is a violation of their corporate charter and violates federal law, and is prohibited under the doctrine of ultra vires."  (Compl. at 10.)  In support of this assertion, he takes statements out of context from two very early cases from other Circuits.  See Farmers' & Miners Bank v. Bluefield Nat. Bank, 11 F.2d 83 (4th Cir. 1926) and Bowen v. Needles Bank, 94 F. 925 (9th Cir. 1899).  These cases concern situations in which a bank wanted to loan more money to a party than it had available in capital and surplus funds to legally cover so it executed its own promissory note with another bank in order to complete the transaction.  It was this practice which the courts held to be "ultra vires" or unauthorized by the banks' corporate charters.  These cases have no bearing on the matter presented by Mr. Smith.

## **Conclusion**

For all of the foregoing reasons, this action is dismissed.  The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


Dated:  April 3, 2007                          _s/Sara Lioi_
                                                     SARA LIOI
                                                     UNITED STATES DISTRICT JUDGE

---

[3]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

11